Glass *v.* Reilly (et al., Appellant).

548

Argued November 17, 1965. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alonzo Horsey*, Assistant Solicitor, with him *Roger B. Reynolds*, Solicitor, for appellant.

*Kingsley A. Jarvis*, with him *Leonard F. Markel*, for appellee.

OPINION PER CURIAM, January 4, 1966:

Samuel M. Glass, Sheriff of Montgomery County for three successive terms (January 5, 1944 to January 3, 1956), received, as sheriff, funds applicable to unfinished business of his office and funds owing to litigants, attorneys and others, for which no demand had been made by the parties entitled thereto. Upon leaving office, Glass following the custom of his predecessors, retained these funds in a separate bank account entitled "Samuel M. Glass, Sheriff". He honored certain proper demands made by his successor, Sheriff Peter J. Reilly, and others, so that the balance remaining in the account totalled on June 22, 1960, $35,119.87. On that date, his successor, having demanded this balance, Glass turned the funds over to Clay C. Hess,

Treasurer of Montgomery County, to be held in a special escrow account.

Glass then instituted the present action in equity against Reilly and the County of Montgomery to determine (a) the question of his legal ownership to whole or part of the fund; (b) his right to possession, custody and control of the fund; and (c) the respective legal rights of Montgomery County, Commonwealth of Pennsylvania, and other individuals in the disputed fund.

It was Glass's claim that he was entitled at least to the following amounts: (a) $2,750.65 as unpaid mileage on unfinished writs; (b) $2,600 as counsel fees for services in the present equity action; and (3) $2,500 for his, Glass's efforts in connection with the present equity action.

After hearing and audit ordered by the court below, the chancellor made the following adjudication:

"The plaintiff has failed to establish by the weight or fair preponderance of the evidence his full claim of $2,750.65 for unpaid mileage on unfinished writs. It appears from the examination prepared by the court appointed auditors that 15,755 miles were traveled by the sheriff or his deputies on uncompleted outstanding writs. It does not appear that this mileage was actual mileage or merely paper mileage. In an effort to be fair in this quest to do justice in this massive maze of accounts, we feel constrained to allow plaintiff ten cents a mile on the mileage found by our auditors. We will, therefore, award plaintiff the sum of $1,575.50 for mileage from the disputed fund.

"The claim for $2,600 as counsel fee must be reduced. Undoubtedly, counsel for plaintiff has worked arduously and effectively for many hours in plaintiff's behalf to settle the ownership of the disputed fund, but it does not follow that counsel is entitled to full compensation out of a fund in which the plaintiff has only

a minor interest. Accordingly, we will allow plaintiff's counsel the sum of $1,000 for legal services.

"The plaintiff's claim for $2,500 for his services in connection with the case is disallowed.

"The court appointed auditors were paid $500 for their services from general county funds. The court will, therefore, allow the county the sum of $560 from the disputed fund to reimburse the general fund.

"The disputed fund of $35,119.87, as herein reduced by the claims of $1,575, $1,000 and $560, to $31,964.87 shall be held by the county for distribution pursuant to the provisions of the Municipal Unclaimed Moneys Act."

Upon exceptions filed by the defendants, the court en banc affirmed the chancellor's conclusions with the exception of the allowance of the counsel fees, which award it ordered stricken from the adjudication.

Defendant Montgomery County has appealed to this Court. After careful review of the record before us and of the applicable law, we can find no reason to disturb the chancellor's findings and conclusions, as affirmed and modified by the court en banc. Nor is there any indication, in fact or in law, that the chancellor abused his discretion.

Decree affirmed; each party to bear own costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.